## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TERRY LAWRENCE LANGFORD,   *

    Plaintiff,   *

    v.   *

                        **CIVIL NO. JKB-20-2170**

UNITED STATES OF AMERICA,   *

    Defendant.   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

    In 2015, Plaintiff Terry Lawrence Langford was sentenced to 120 months in prison for bank fraud and aggravated identity theft. (*United States v. Langford*, Crim. No. JKB-15-539 at ECF No. 201.) Langford now moves under Federal Rule of Criminal Procedure 41(g) for the return of property that he maintains is wrongfully in the government's possession. (ECF No. 1.) Specifically, Langford seeks to recover a diamond ring, stored value and payment cards worth approximately $5,600, two Apple iPads, one laptop computer, two cell phones, one XBOX game system, one Bluetooth speaker, one set of door keys, and various personal documents. Langford alleges that law enforcement officials removed these items from his residence during a December 2014 search. Langford's motion is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Langford's motion will be granted in part and denied in part.

    Federal Rule of Criminal Procedure 41(g) provides, inter alia, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A motion made under Rule 41(g) "is properly denied

if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Soza*, 599 Fed. App'x 69, 70 (4th Cir. 2015) (mem.) (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)). The government argues solely that Langford is not entitled to lawful possession of the disputed property.

## I.   *Analysis*

Different analyses apply to the diamond ring, the stored value cards, and the rest of Langford's property. Each of these categories of property will be discussed in turn.

### A. *Diamond Ring*

Pursuant to Rule 41(g), Langford seeks to recover possession of "a man [sic] diamond ring." (ECF No. 1 at 1.) In 2016, in the context of his criminal proceeding, Langford alleged that a police officer seized "a valuable mans [sic] diamond ring" from his home on December 2, 2014. (*Langford*, Crim. No. JKB-15-539 at ECF No. 110.) In response to Langford's allegations, this Court ordered "the Government to inquire with investigators and to report back to the Court concerning the diamond ring that Defendant alleges was seized during the search of his home, but which was not referenced in the return on the search warrant." (*Id.* ECF No. 115.) Shortly thereafter, the government conferred with law enforcement officers who searched Langford's home and "confirmed . . . that no diamond ring was seized from the residence or otherwise in connection with the investigation of the Defendant." (*Id.* ECF No. 138.)

In contrast with the other items Langford seeks to recover, the parties do not dispute whether the government is entitled to *continued* possession of the diamond ring, but whether the government possessed that ring in the first place. Rule 41(g) requires that the government be "empowered to return the property" in dispute, so granting a Rule 41(g) motion is "appropriate

2

only if the United States possesses the property." *Bostic v. United States*, Civ. No. WDQ-13-2731, 2015 WL 4389329, at \*5 (D. Md. July 14, 2015) (citing *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir.2003)). A criminal defendant bears a "burden of showing real or constructive possession of the property by the federal government." *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004). When a criminal defendant does not present any probative evidence that the government possessed disputed property, "[a] court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction." *Robinson v. United States*, Civ. No. JRS-11-369, 2013 WL 682894, at \*3 (E.D. Va. Feb. 22, 2013); *see also United States v. Gomez*, 382 F. App'x 344 (4th Cir. 2010) (affirming denial of a Rule 41(g) motion when the "United States never had actual or constructive possession of the property that is the subject of Gomez's motions").

Apart from alleging that he had a diamond ring at his home before his arrest, Langford presents no evidence showing the government has ever possessed that ring. Further, there is no mention of a diamond ring in the search warrant from Langford's home, the government's 2016 conversation with law enforcement officials did not reveal evidence of a diamond ring in the government's possession, and the government aptly notes that it "has no knowledge of what arrangements were made by Mr. Langford, his roommate, or his landlord to handle his property after his arrest." (ECF No. 8 at 2.) Because Langford has not met his burden of showing the government possesses his diamond ring, his Rule 41(g) motion will be denied with respect to this item of property.

### B. *Stored Value and Payment Cards*

In his Rule 41(g) motion, Langford also requests the return of $3,600 in gift cards and $2,000 in "specialty gift cards for restaurants, Macy, movie theater, nordstroms." (ECF No. 1 at 1.) The government acknowledges its possession of about sixty-one "stored value and payment

cards seized from Mr. Langford pursuant to the search warrant in 2014." (ECF No. 8 at 3.)  The government does not know the value of the majority of these cards, but reports that the cards have "a total known remaining value of $146.91." (*Id.* at 4.)  The government argues that Langford is not entitled to lawful possession of these stored value and payment cards because of the nature of his offenses, which involved using "stolen financial account information to purchase goods, including gift cards." (*Id.* at 3.)

The Fourth Circuit has held, "because a person from whom property was seized is presumed to have a right to its return, at the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property." *United States v. Roca*, 676 F. App'x 194, 194 (4th Cir. 2017) (mem.).  The government may satisfy its burden by showing "a cognizable claim of ownership or right to possession adverse to that of the movant." *Id.* at 195 (quoting *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir. 1999)).  When the government has not met its burden, the District of Maryland has ordered the government to submit supplemental briefing showing cause why it should retain the property at issue. *See Bostic*, 2015 WL 4389329, at *6.

The government's concern that Langford's gift cards might have been obtained unlawfully is not implausible when considering the nature of Langford's offenses, but this concern alone cannot justify the government's retention of Langford's gift cards.  The government has not provided sufficient evidence showing Langford's possession of the specific stored value and payment cards in dispute is unlawful.  Because the government has not rebutted Langford's presumed right to the return of his property, the Court directs that the government submit supplemental briefing and offers of proof demonstrating why Langford is not entitled to lawful possession of the referenced gift cards.

### C.  *Remaining Items of Property*

The government has agreed to return the remaining pieces of Langford's property that the government acknowledges it possesses, including various electronic devices and documents. The government seeks the Court's permission to ask "that Mr. Langford file with the Court a notarized letter directing the government who to contact to make arrangements for the return of the seized property, and authorizing the government to release the property to that person[.]" (ECF No. 8 at 5.)  The Court sees no reason to deny Langford the return of property whose lawful possession is not in dispute, and the Court directs the same.  The Government will be permitted to require Langford to follow those procedures outlined above before releasing the property to him.

### II.  *Conclusion*

For the foregoing reasons, an order shall enter (1) granting Langford's Rule 41(g) motion with respect to his two Apple iPads, one laptop computer, two cell phones, one XBOX game system, one Bluetooth speaker, one set of door keys, and various personal documents; (2) denying Langford's Rule 41(g) motion with respect to a diamond ring; and (3) directing the government to provide supplemental briefing and offers of proof regarding the stored value and payment cards described in Langford's Rule 41(g) motion.

DATED this _/ 3_ day of November, 2020.

BY THE COURT:

James K. Bredar
Chief Judge

5